**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| RAFAEL GUTIERREZ, appearing by | § | |
| And through his Attorney-in-Fact and | § | |
| Agent, GINO NUNCIO, and Individually | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Case No. _____ |
| | § | |
| WILMINGTON SAVINGS FUND | § | |
| SOCIETY, FSB, AS TRUSTEE OF | § | |
| STANWICH MORTGAGE LOAN | § | |
| TRUST 1, by and through CARRINGTON | § | |
| MORTGAGE SERVICES, LLC | § | |
| as Mortgage Servicer | § | |
| | § | |
|     Defendants. | § | |

**DEFENDANTS WILMINGTON SAVINGS FUND SOCIETY, FSB AND
CARRINGTON MORTGAGE SERVICES, LLC'S NOTICE OF REMOVAL**

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust 1 ("***Wilmington Savings***") and Carrington Mortgage Services, LLC ("***Carrington Mortgage***") hereby remove this action from the 407th Judicial District Court, Bexar County, Texas, to the United States District Court of the Western District of Texas, and as grounds for removal state as follows:

**I. STATE COURT ACTION**

1. On October 4, 2021, Rafael Gutierrez and Gino Nuncio ("***Plaintiffs***") filed *Plaintiffs' Original Petition and Application for Temporary Restraining Order* ("***Petition***") in the 407th Judicial District Court of Bexar County, Texas, styled *Rafeal Gutierrez, Appearing by and though his Attorney-in-Fact and Agent, Gino Nuncio, and Individually v. Wilmington Savings Fund*

Society, FSB, as Trustee of Stanwich Mortgage Loan Trust 1, by and through Carrington Mortgage Services, LLC, as Mortgage Servicer, Cause No. 2021CI20943 ("**State Court Action**").

2.    Plaintiffs assert claims related to real property located at 122 Bradford, San Antonio, Bexar County, Texas 78228 ("**Property**"). See Petition pg. 2. Specifically, Plaintiffs seek a temporary restraining order and temporary injunction enjoining Defendants from conducting a foreclosure sale of the Property. See Id. at p. 6.

3.    With this Notice of Removal, Defendants hereby remove the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## II. PROCEDURAL REQUIREMENTS

4.    This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(d), 1441(a-b), 1446(a).

5.    This removal is timely because it is being filed "within 30 days after receipt by the Defendants, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action of proceeding is based." 28 U.S.C. § 1446(b).

6.    Pursuant to 28 U.S.C. § 1446(a), attached as **Exhibit A** is a true and correct copy of the entire file from the State Court Action at the time of this removal.

7.    Pursuant to 28 U.S.C. § 1446(d), with the filing of this Notice of Removal, Defendants are simultaneously (**a**) serving Plaintiffs with a copy of this Notice of Removal, and (**b**) filing a copy of the Notice of Removal in the 407th Judicial District Court of Bexar County, Texas. A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit B**.[1]

---

[1] Defendants have not included Exhibit 1 to the Notice of Removal filed in the State Court Action because Exhibit 1 is a copy of this Notice of Removal.

### III. DIVERSITY JURISDICTION

**8.** The Court has diversity jurisdiction in this matter. Where complete diversity exists among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiffs are not a citizen of the same state as Wilmington Savings or Carrington Mortgage. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). As shown below, the amount in controversy requirement is also satisfied.

**A. Diversity of Citizenship**

**9.** The Petition indicates that Plaintiff Nuncio is domiciled in Texas and Plaintiff Gutierrez is understood to be as well. *See* Petition, pg. 1.

**10.** Wilmington Savings Funds Society, FSB, is a federally chartered savings association with its main office in Delaware. *See* 28 U.S.C. §1348; 12 U.S.C. §1464(x); *Rouse v. Wachovia Mortg.*, FSB, 747 F.3d 707, 709-715 (9th Cir. 2014) (holding that for diversity purposes a national bank is a citizen of the state designated as its main office in its articles of association). Therefore, Wilmington is deemed a citizen of the state of Delaware for the purposes of diversity citizenship jurisdiction.

**11.** Carrington Mortgage Services, LLC is a Delaware limited liability company. The citizenship of a limited liability company is determined by the citizenship of all its members. Carrington Mortgage Services, LLC's members are Carrington Holding Company, LLC and Carrington Investment Partners, L.P. Carrington Holding Company, LLC is a Delaware limited liability company, whose sole member is The Carrington Companies, LLC. Carrington Investment Partners, L.P. is a Delaware limited partnership, whose general partner is Carrington Capital Management, LLC. Carrington Capital Management, LLC is a Delaware limited liability

company, whose members are Carrington Holding Company, LLC and a natural person. The natural person is not a citizen of the state of Texas. The Carrington Companies, LLC is a Delaware limited liability company, whose members are two natural persons who are not citizens of the state of Texas.

12. Because Plaintiffs are domiciled in Texas and neither Defendant is a citizen of Texas, complete diversity exists among the parties.

**B. Amount in controversy**

13. The amount in controversy requirement is also satisfied. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc*., 319 F.3d 672, 675 (5th Cir. 2003); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]."). A defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000 or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds the $75,000 requirement. *E.g., Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253.

14. "The amount in controversy is determined from the perspective of the plaintiff, and the proper measure is the benefit to the plaintiff, not the cost to the defendant." *Berry v. Chase Home Fin*., LLC, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

15. Plaintiffs seek injunctive relief preventing Defendants from foreclosing on the Property. *See* Petition, p. 6. "The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Greenberg*, 134

F. 3d at 1252-53 (citing *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983)); *see also Allstate Ins. Co. v. Hilbun*, 692 F.Supp. 698, 700 (S.D.Miss.1988) ("In actions for declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation.").

**16.** If the right to property is at issue, the court will look to the value of the property to determine whether the minimum amount in controversy amount has been met for jurisdiction. *Nationstar Mortgage LLC v. Knox*, 351 Fed. App'x 844, 848 (5th Cir. 2009); *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *Waller v. Prof'l Ins. Corp*., 296 F.2d 545, 547–48 (5th Cir.1961) ("[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."); *see also Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27, 2009) (finding under similar claims that, because "[a]bsent judicial relief, Plaintiff could be divested of all right, title, and interest to the Property . . . , the value of the declaratory and injunctive relief to Plaintiff is . . . the current appraised fair market value of the Property").

**17.** Accordingly, because Plaintiffs are seeking injunctive relief and the right to property is at issue in this case, the amount in controversy is to be determined by the value of the Property. *See Knox*, 351 Fed. App'x at 848; *Turner v. JP Morgan Chase Bank, N.A*., No. 3:12-CV-2701-M (BF), 2013 WL 2896883, at *3 (N.D. Tex. June 13, 2013) (using current market value of property from the Dallas Central Appraisal District in finding amount in controversy satisfied where plaintiff sought to prevent foreclosure) (citing *Copeland*, 485 Fed. App'x at 9).

**18.**   According to the Bexar County Tax Office, the current value of the property is $157,200.[2]

Thus, the value of the Property satisfies the amount in controversy requirement. A true and correct

copy of the 2021 Bexar County Tax Office tax balances is attached hereto as **Exhibit C**.

**19.**   Because there is complete diversity between the parties and the amount in controversy,

$157,200, exceeds the $75,000.00 requirement, this Court has jurisdiction pursuant to 28 U.S.C. §

1332 and removal is proper.

**20.**   The attorneys filing this Notice of Removal are counsel of record for all Defendants.

**21.**   Counsel of record for Plaintiffs in the State Court Action is:

> John E. Serna
> State Bar No. 18037000
> 3010 Hillcrest Dr.
> San Antonio, Texas 78201
> Tel: (210) 833-6917
> Off: (210) 731-8540
> Fax: (210) 733-7889
> Email: johneserna01@yahoo.com

## VI. **RESERVATION OF RIGHTS**

**22.**   In filing this Notice of Removal, Defendants do not waive, and specifically reserve, any

and all objections as to service, objections to personal jurisdiction, defenses, rights, and motions.

## VII. **REMOVAL**

WHEREFORE, Defendants Wilmington Savings and Carrington Mortgage remove this

action from the 407th Judicial District Court of Bexar County, Texas, to the United States District

Court for the Western District of Texas so that this Court may assume jurisdiction over the case as

provided by law.

---

[2] Defendants do not contend that the appraisal reflected by the Bexar County Tax Office constitutes the most accurate valuation of the Property. Such appraisal is provided only for the purpose of establishing a base line value to prove that the amount in controversy requirement is satisfied.

Respectfully submitted,

By: */s/ Jacob Sparks*
    **Jacob Sparks**
    Texas Bar No. 24066126
    Email: JSparks@SpencerFane.com
    **Anelisa Benavides**
    Texas Bar No. 24092121
    Email: ABenavides@SpencerFane.com

    **SPENCER FANE LLP**
    5700 Granite Parkway, Suite 650
    Plano, Texas 75024
    Tel:  (214) 750-3624
    Fax:  (214) 750-3612

    ***Attorney for Wilmington Savings Fund Society, FSB and Carrington* Mortgage Services, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2021, I served this Notice of Removal on the following party in compliance with the Federal Rules of Civil Procedure:

    John E. Serna
    State Bar No. 18037000
    3010 Hillcrest Dr.
    San Antonio, Texas 78201
    Tel: (210) 833-6917
    Off: (210) 731-8540
    Fax: (210) 733-7889
    Email: johneserna01@yahoo.com
    *Counsel for Plaintiffs*

        By: */s/ Jacob Sparks*
            **Jacob Sparks**